**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| EUGENIO PAYANO CASTELLANO : | |
| #A-34-002-162 | |
| Petitioner : | |
| | |
| v.   : | Civil Action No.  CCB-05-1618 |
| | |
| ALBERTO R. GONZALES, : | |
| U.S. Attorney General | |
| Respondent | |

. . . .o0o. . . .

**MEMORANDUM**

On June 13, 2005, Eugenio Payano Castellano, a citizen of the Domican Republic, filed this pro se petition for writ of habeas corpus challenging his continued post removal order detention.[1] At the time the petition was filed, he was a detainee of the Department of Homeland Security and in custody at the Worcester County Jail.  On June 29, 2005, Petitioner was removed from the United States pursuant to an administratively final removal order.  Respondent, through counsel, now moves to dismiss the petition as moot.

Petitioner entered the United States in 1977 as a lawful permanent resident. On December 2, 2004, he was placed in removal proceedings based on his conviction in the Supreme Court of New York for criminal possession of a controlled substance.  On February 7, 2005, an Immigration Judge ordered his removal to the Dominican Republic. Petitioner did not appeal the decision.

---

[1] The petition did not challenge the final removal order, only his continued detention pending removal.  Petitioner sought his "immediate release or an expedite [sic] removal to his home country, or any form of relief that this honorable Court deem [sic] necessary."  Petition at 3.

In this case, the relief sought is release from custody pending removal. Accordingly, Petitioner has been accorded the relief requested, and the Petition will be dismissed as moot by separate order.[2]

   July 21, 2005                                            /s/
Date                                                      Catherine C. Blake
                                                              United States District Judge

---

[2] Although the failure to notify this court of petitioner's imminent removal is of concern, counsel's actions to ensure future compliance are appreciated. In this case, the oversight did not prejudice Petitioner.